IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

FIDEL URBINA (#2017-0427237),     )
       )
       Plaintiff,     )     Case No. 18 C 6666
       )
       v.     )     Judge Manish S. Shah
       )
FBI AGENT IN CHARGE OF ARREST,     )
       )
       Defendant.     )

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $15.60 from Plaintiff's account as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. The Clerk of Court shall electronically send a copy of this order to the Supervisor of Inmate Trust Fund Accounts at the Cook County Jail. Summons, however, shall not issue. Plaintiff's complaint [1] is dismissed without prejudice. To proceed with this suit, he must submit an amended complaint that names at least one party that can be served with the complaint. His failure to submit an amended complaint by December 5, 2018, will result in summary dismissal of this suit. Plaintiff's motion for attorney representation [4] is denied without prejudice. The Clerk is directed to send Plaintiff an amended complaint form and filing instructions along with a copy of this order.

## STATEMENT

Plaintiff Fidel Urbina, currently confined at the Cook County Jail and proceeding *pro se*, brings this civil rights action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against the "FBI Agents in charge of" his arrest. (Dkt. 1, Compl.) Plaintiff alleges that the FBI agent who arrested Plaintiff in Mexico in October 2016: threatened to kill him if he did not sign a paper; placed a gun in his mouth and told him that the agent had orders to take Plaintiff to Chicago "dead or alive" and that Plaintiff should run so the agent could kill him; placed handcuffs on Plaintiff; and then hung him from a tree by the handcuffs and punched him several times in the stomach. (*Id.* at 4-5.) Currently before the Court are Plaintiff's motion to proceed *in forma pauperis* (IFP), his complaint for initial review, and his motion for attorney recruitment.

*Plaintiff's IFP Application*

Plaintiff's IFP application demonstrates he cannot prepay the filing fee. His request to proceed IFP is granted. Pursuant to 28 U.S.C. § 1915(b), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $15.60 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk twenty percent of the money Plaintiff receives each month during which he has $10.00 or more in his account. These deductions shall continue until the $350 filing fee is paid in full. The Court directs the trust fund officer to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

The Prison Litigation Reform Act provides that a prisoner must pay the filing fee for each case he brings in a federal court (except a petition for habeas corpus relief). When IFP status is granted, the Court (and the agency having custody of him) shall collect 20% of the prisoner's monthly income toward payment of the filing fee "each time the account exceeds $10 until the filing fees are paid." See 28 U.S.C. § 1915(b)(2). This means that 20% of Plaintiff's monthly income (including money received from family and friends) will be deducted from his trust account. This requirement applies for each filing fee Plaintiff owes. Waiver of filing fees and the manner they are collected are not options.

*Plaintiff's Complaint*

Although Plaintiff may proceed IFP, his complaint cannot proceed as currently drafted. Under 28 U.S.C. § 1915A, the Court is required to screen a prisoner's complaint and dismiss it if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2013).

Officers may use only reasonable force when effectuating an arrest. *Graham v. Connor*, 490 U.S. 386, 390-92 (1989); *Williams v. Brooks*, 809 F.3d 936, 944 (7th Cir. 2016). Plaintiff's allegations—that the agent who arrested Plaintiff threatened to kill him and hung him from a tree by handcuffs while punching him in the stomach— sufficiently describe an excessive force claim.

But Plaintiff neither identifies the FBI agent by name nor includes a suable party as Defendant. Plaintiff must name as Defendant at least one party that can be

[2]

served with the complaint in order for this case to proceed. If Plaintiff does not know the name of the party he wants to sue, he may refer to that party as John or Jane Doe and also name as Defendant a supervisory official who should be able to identify the party. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996) (a court may assist a *pro se* litigant by "allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible"). The FBI agent in charge of the Chicago office is Jeffrey Sallet. To proceed with this case, Plaintiff should name a supervisory FBI official as a defendant, and then ask questions of or request documents from that supervisory official to identify the proper defendant. There is a two-year statute of limitations for Plaintiff's claim. *Cesal v. Moats*, 851 F.3d 714, 722 (7th Cir. 2017). If Plaintiff fails to name a proper defendant within the limitations period, his lawsuit might be barred. A plaintiff cannot use the relation back principles of Federal Rule of Civil Procedure 15(c) to replace John Doe defendants with named defendants after the statute of limitations has expired. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980). Plaintiff should consider these issues and move quickly if he wants to pursue this case over an arrest that occurred in October 2016.

The Court dismisses Plaintiff's complaint without prejudice. If Plaintiff wants to proceed with this lawsuit, he must submit an amended complaint that not only states a federal claim, but also names as Defendant at least one party that can be served with the complaint.

Any amended complaint must be submitted on the Court's required form. *See* Local Rule 81.1. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. An amended pleading replaces the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint without reference to the original complaint. Also, he should keep a copy for his files. Plaintiff must submit written notification to the Court if his address changes. His failure to do so may result in summary dismissal of this case.

*Plaintiff's Request for Attorney Representation*

Lastly, Plaintiff's motion for attorney representation is denied. "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). The Court, however, may request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). When deciding whether to recruit counsel, the Court must consider whether the plaintiff himself has attempted to retain an attorney or was prevented from doing so and, if so, whether the plaintiff appears competent to litigate the matter himself given the factual and legal complexities of the case and the plaintiff's abilities. *Pruitt v. Mote*, 503 F.3d 647,

654-55 (7th Cir. 2007) (en banc). This analysis focuses not only on the plaintiff's ability to try the case, but also his ability to gather evidence and prepare and respond to motions. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (per curiam).

Plaintiff's motion indicates that he has not attempted to obtain attorney representation on his own. Plaintiff should write or otherwise contact law firms or legal organizations and ask if they would represent him in his civil suit. Also, recruitment of counsel is unwarranted at this early stage of the case. *See Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010). Based on the quality of Plaintiff's filings so far, Plaintiff is capable of submitting a complaint that can proceed. The motion for recruitment of an attorney is denied without prejudice. He may again seek attorney representation at a later stage of this case if it becomes too complicated for him to manage.

ENTER:

Date: November 7, 2018

Manish S. Shah, U.S. District Court Judge

[4]